IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MORGAN COYNE and KEVIN W. PEARSON, | CV 24-14-M-DLC-KLD |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| vs. | |
| PARKSIDE CREDIT UNION, EXPERIAN CORP., EQUIFAX, TRANSUNION, and INNOVIS DATA SOLUTIONS, | and ORDER |
| Defendants. | |

Plaintiffs Morgan Coyne and Kevin W. Pearson, both of whom are proceeding pro se, lodged a Complaint against the above-named Defendants on January 19, 2024 (Doc. 2), and paid the associated filing fee on June 28, 2024.

On July 17, 2024, the Court issued an order advising Plaintiffs that they "shall be responsible for serving each named Defendant with a summons and copy of the complaint (Doc. 2) in accordance with Rule 4 of the Federal Rules of Civil Procedure." (Doc. 6). Fed. R. Civ. P. 4(m) requires that a plaintiff serve a complaint and summons within 90 days after the complaint is filed. Taking July 17, 2024, as the start of the 90-day service period, Plaintiffs were required to serve

1

Defendants by October 15, 2024. (Doc. 8 at 3).

As of October 17, 2024, there was no indication in the record that Plaintiffs had asked the Clerk's Office to issue summonses or taken any other steps towards accomplishing service. (Doc. 8). The Court therefore issued a show cause order giving Plaintiffs until November 14, 2024, to show good cause for failing to timely serve each Defendant with a summons and copy of the Complaint. (Doc. 8).

On October 30, 2024, Plaintiffs filed a document titled "Proof of Service" and attached four U.S. Postal Service Certified Mail Receipts addressed to (1) Experian at a P.O. Box in Allen, Texas; (2) Parkside Credit Union at a street address in Whitefish, Montana; (3) Equifax at a P.O. Box in Atlanta, Georgia; and (4) TransUnion at a P.O. Box in Chester, Pennsylvania. (Doc. 9). These certified mail receipts are insufficient to establish that Defendants have been served in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(d)(1) allows a plaintiff to notify a "defendant that an action has been commenced and request that the defendant waive service of a summons," and lists the requirements that such a notice and request must meet. Fed. R. Civ. P. 4(d)(1)(A)-(G). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be made by the server's affidavit." Fed. R. Civ. P.

2

4(l).

Under all methods of service described in Rule 4 of the Federal Rules Civil Procedure, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). The requirements for serving a corporation, partnership, or association are set forth in Federal Rule of Civil Procedure 4(h). Unless federal law provides otherwise or the defendant's waiver has been filed, a corporation in a judicial district of the United States must be served in one of two ways:

> (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Federal Rule of Civil Procedure 4(e)(1) in turn provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

Under Montana law, a "corporation, partnership, or other unincorporated association" may not be served by mail. Mont. R. Civ. P. 4(d)(3)(B)(iii). Rule 4(i) of the Montana Rules of Civil Procedure provides several methods for effecting

3

service on a business, including:

> (A) delivering a copy of the summons and complaint to: (i) an officer; (ii) a director; (iii) a manager; (iv) a member of a member-managed limited liability company; (v) a superintendent; (vi) a managing agent; (vii) a general agent; or (viii) a partner;
>
> (B) leaving copies of the summons and complaint at the office or place of business within Montana with the person in charge of such office; [or]
>
> (C) delivering a copy of the summons and complaint to the registered agent named on the records of the secretary of state[.]

Mont. R. Civ. P. 4(i)(3)(B). Consistent with Federal Rule of Civil Procedure 4, the methods described in Montana Rule of Civil Procedure 4(i) require service of both a summons and complaint.

Here, Plaintiffs have not provided any evidence of an attempt to serve Innovis Data Solutions, and the certified mail receipts they have submitted are insufficient to establish that Experian, Equifax, TransUnion, and Parkside Credit Union have been properly served. Plaintiffs have not filed a waiver of service as to any Defendant, and review of the docket shows that no summonses have been issued or returned. The certified mail receipts do not demonstrate that Plaintiffs have delivered a copy of a summons and the Complaint to an officer or authorized agent of Experian, Equifax, TransUnion, or Parkside Credit Union as required by Federal Rule of Civil Procedure 4(h)(1), nor do they establish that Plaintiffs have completed service as allowed by Montana law.

In light of Plaintiffs' pro se status, the Court will provide Plaintiffs an

additional 45 days to properly effect service on Experian, Equifax, TransUnion, and Parkside Credit Union in accordance with Rule 4 of the Federal Rules of Civil Procedure. For additional guidance, Plaintiffs may refer to Section IV of the Court's Guide for Unrepresented Parties, available on the Court's website at https://www.mtd.uscourts.gov/guide-unrepresented-parties-filing-district-montana.

Because Plaintiffs have not shown good cause for failing to even attempt service on Innovis Data Solutions, Plaintiffs' claims against Innovis Data Solutions should be dismissed without prejudice for failure to complete service within the 90-day period provided for in Federal Rule of Civil Procedure Rule 4(m).

Finally, the Court takes this opportunity to note that although Plaintiff Morgan Coyne personally signed the "Proof of Service" filed on October 30, 2024, Plaintiff Kevin Pearson did not do so. (Doc. 9 at 2). Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed … by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). *See also*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (a plaintiff proceeding pro se cannot represent others). The Court has previously advised Plaintiffs that because they are proceeding pro se, both of them must personally sign all motions and filings in the case. (Doc. 5 at 2).

In response to that Order, Plaintiffs filed a "Durable Power of Attorney for Health Care" reflecting that Pearson has designated Coyne as his attorney-in-fact

for the purpose of making medical decisions on his behalf, and an "Acceptance of Power of Attorney" signed by Coyne acknowledging those responsibilities. (Doc. 7-1). The Ninth Circuit has held that a power of attorney does not confer authority to a non-lawyer to represent another party in court. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

The power of attorney forms filed by Plaintiffs do not give Coyne the authority to represent Pearson in this litigation, and so do not relieve Pearson of his obligation to personally sign all filings in this case. *See e.g. Terra Libre Land Trust v. Wells Fargo Bank*, 2022 WL 1404648, at *1 (W.D. Wash. May 4, 2022); *Tangwall v. Satterberg*, 2020 WL 8572407, at *1 n.3 (D. Alaska Dec. 31, 2020). Plaintiffs are cautioned that if Pearson fails to personally sign all future filings in this case, his claims may be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 11(a) and the Court's orders pursuant to Federal Rules of Civil Procedure 41(b).

For the reasons discussed above,

**IT IS ORDERED** that:

(1) Plaintiffs shall have until **January 6, 2025**, to file proof that Experian, Equifax, TransUnion, and Parkside Credit Union have been served with a summons and copy of the Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiffs are advised that if they do not provide proof of

<u>service by January 6, 2025, their Complaint may be dismissed without prejudice for failure to comply with Rule 4(m) and for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.</u>

**IT IS FURTHER ORDERED** Plaintiffs must immediately notify the Court of any change in their mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to them. Additionally,

**IT IS RECOMMENDED** that Plaintiffs' claims against Innovis Data Solutions be dismissed without prejudice for failure to complete service within the 90-day period provided for in Federal Rule of Civil Procedure Rule 4(m).

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 20th day of November, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge