IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MORGAN COYNE and KEVIN W. PEARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>PARKSIDE CREDIT UNION, EXPERIAN CORP., and EQUIFAX, TRANSUNION,<br><br>Defendants. | CV 24–14–M–KLD–DLC<br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendations and Order in this case on November 20, 2024, recommending that the Court dismiss pro se Plaintiffs Morgan Coyne and Kevin W. Pearson's claims against Innovis Data Solutions without prejudice for failure to complete service pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 10 at 7.) Judge DeSoto further ordered that Plaintiffs shall have until January 6, 2025, to file proof that Defendants Experian Corp., Equifax, TransUnion, and Parkside Credit Union have been served with a copy of the Complaint in accordance with Rule 4. (*Id*. at 6.) Judge DeSoto subsequently extended this deadline to February 4, 2025. (Doc. 15.)

-1-

On November 22, 2024, Plaintiffs filed a brief asserting that they properly served Defendants and cured their prior service errors. (Doc. 11.) In light of Plaintiffs' pro se status, the Court will liberally construe Plaintiffs' brief as an objection to Judge DeSoto's Findings and Recommendation. Plaintiffs are entitled to de novo review of those findings and recommendations to which they have specifically and properly objected. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). A proper objection must "itemize" each factual finding and recommendation to which objection is made, "identifying the evidence in the record the party relies on to contradict that finding . . . [and] setting forth the authority the party relies on to contradict that recommendation." D. Mont. L.R. 72.3(a).

Here, Plaintiffs' objections are neither specific nor proper. Rather than objecting to Judge DeSoto's findings, Plaintiffs acknowledge their failure to file proofs of service within the prescribed period. (Doc. 11 at 2.) Plaintiffs further assert that they have rectified the identified service issues and reference several exhibits in support; however, these exhibits have not been provided to the Court. (*See* Doc. 11 at 2–3.) Therefore, absent a proper objection, the Court reviews findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error

-2-

exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge DeSoto properly identified that Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a complaint and summons within 90 days after the complaint is filed. (Doc. 10.) On July 17, 2024, Judge DeSoto issued an order advising Plaintiffs that they "shall be responsible for servicing each named Defendant with a summons and a copy of the complaint (Doc. 2) in accordance with Rule 4 of the Federal Rules of Civil Procedure." (Doc. 6.) Taking July 17, 2024, as the start of the 90-day period, Plaintiffs were required to serve Defendants by October 15, 2024. (Doc. 8 at 3.) After Plaintiffs failed to show proof of service by the deadline, Judge DeSoto issued a show cause order on October 17, 2024. (Doc. 8.) Subsequently, on October 30, 2024, Plaintiffs filed a document titled "Proof of Service" and attached four U.S. Postal Service Certified Mail Receipts addressed to Equifax, Parkside Credit Union, TransUnion, and Experian Corp.; notably, none of the receipts pertained to Innovis Data Solutions. (Doc. 9.)

Judge DeSoto found that Plaintiffs have not shown good cause for failing to attempt service on Innovis Data Solutions and recommends dismissal of Innovis Data Solutions without prejudice. (Doc. 10 at 5.) Reviewing for clear error, the

Court finds none. The record indeed shows that Plaintiffs have not provided any evidence of an attempt to serve Innovis Data Solutions.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 10) is ADOPTED. Innovis Data Solutions is dismissed without prejudice for failure to complete service within the 90-day period provided for by Federal Rule of Civil Procedure 4(m).

The Clerk of Court is directed to dismiss Innovis Data Solutions from this matter. The case caption is hereby amended as reflected above.

DATED this 3rd day of February, 2025.

_____
Dana L. Christensen, District Judge
United States District Court