IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MORGAN COYNE and KEVIN W. PEARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>PARKSIDE CREDIT UNION, EXPERIAN CORP., EQUIFAX, and TRANSUNION,<br><br>Defendants. | CV 24–14–M–KLD–DLC<br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendations in this case on February 20, 2025, recommending that the Court dismiss pro se Plaintiffs Morgan Coyne and Kevin W. Pearson's claims against the above-named Defendants without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 18 at 2.)

Plaintiffs lodged their Complaint on January 19, 2024, and paid the associated filing fee on June 28, 2024. (Doc. 2.) On October 17, 2024, Judge DeSoto issued a show cause order giving Plaintiffs until November 14, 2024, to show good cause for failing to serve the above-named Defendants with a summons and copy of the Complaint within the 90-day period provided for by Rule 4(m).

1

(Doc. 8.) Plaintiffs responded to the Show Cause Order on October 30, 2024. (Doc. 9). On November 20, 2024, the Court issued an order giving Plaintiffs until January 6, 2025 to provide proof of service. (Doc. 10.) In response to Plaintiffs' motion, the Court extended that deadline to February 4, 2025. (Docs. 14, 15.) Thereafter, on January 29, 2025, the Court issued a summons with the names and addresses provided by Plaintiffs. (Doc. 16.)

Plaintiffs are entitled to de novo review of those findings and recommendations to which they have specifically and properly objected. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). A proper objection must "itemize" each factual finding and recommendation to which objection is made, "identifying the evidence in the record the party relies on to contradict that finding . . . [and] setting forth the authority the party relies on to contradict that recommendation." D. Mont. L.R. 72.3(a). Plaintiffs filed an objection to Judge DeSoto's Findings and Recommendation on March 3, 2025. (Doc. 19.) In consideration of Plaintiffs' pro se status, the Court liberally construes Plaintiffs' arguments as proper objections.

Plaintiffs first argue that dismissal under Rule 4(m) is discretionary and must be viewed in light of Supreme Court and Ninth Circuit precedent. (*Id.* at 3.) Plaintiffs next argue that they have demonstrated good cause for an extension

under Rule 6(b)(1)(A). (*Id.*) Plaintiffs explain they have limited financial ability, the Court did not issue summonses until January 29, 2025, and Defendants' business structures complicates service. (*Id.* at 4.) While the Court is sensitive to Plaintiffs' attempts and understands the complex nature of service upon corporations, Plaintiffs have nonetheless been provided ample time and repeated extensions to effectuate proper service.

Plaintiffs further argue they are afforded greater deference after *Loper Bright Ent. v. Raimondo*, 603 U.S. 369 (2024), which overturned *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1084). However, *Loper Bright*, which limits the deference courts may give to agency statutory interpretation, has no bearing on this Court's application of the Federal Rules of Civil Procedure. Finally, the Court does not find that dismissal without prejudice will impose a substantial burden on Plaintiffs.

Therefore, reviewing de novo, the Court finds that this matter should be dismissed without prejudice for failure to timely serve Defendants. Plaintiffs were repeatedly warned that failure to provide proof of service by the court-ordered deadline might result in dismissal without prejudice for failure to comply with Rule 4(m). (Docs. 10 at 6-7; 15 at 2.) As of the date of this Order, Plaintiffs have failed to provide proof of service on any of the above-named Defendants.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 18) is ADOPTED. This matter is dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m).

IT IS FURTHER ORDERED that Plaintiffs' Motion for Judgment and Hearing (Doc. 12) is DENIED AS MOOT.

The Clerk of Court is directed to close this case.

DATED this 17th day of March, 2025.

_____
Dana L. Christensen, District Judge
United States District Court