IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MORGAN COYNE and KEVIN W. PEARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>PARKSIDE CREDIT UNION, EXPERIAN CORP., EQUIFAX, and TRANSUNION,<br><br>Defendants. | CV 24–14–M–KLD–DLC<br><br>ORDER |

Before the Court is pro-se Plaintiffs Morgan Coyne and Kevin W. Pearson's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and Notice of Appeal. (Doc. 22.) Plaintiffs request that this Court reconsider its March 17, 2025, Order (Doc. 20) adopting Judge DeSoto's Findings and Recommendations (Doc. 18). (*Id.* at 3.) The Motion for Reconsideration will be denied.

### BACKGROUND

Plaintiffs lodged their Complaint on January 19, 2024, and paid the associated filing fee on June 28, 2024. (Doc. 2.) On October 17, 2024, Judge DeSoto found "there is no indication that Plaintiffs have asked the Clerk's Office

1

to issue summonses or taken any other steps towards accomplishing service." (Doc. 8 at 2.) Judge DeSoto issued a show cause order giving Plaintiffs until November 14, 2024, to show good cause for failing to serve the above-named Defendants with a summons and copy of the Complaint within the 90-day period provided for by Rule 4(m). (Doc. 8.) Plaintiffs responded to the Show Cause Order on October 30, 2024. (Doc. 9). On November 20, 2024, the Court issued an order giving Plaintiffs until January 6, 2025, to provide proof of service. (Doc. 10.) In response to Plaintiffs' motion, the Court extended that deadline to February 4, 2025. (Docs. 14, 15.) Thereafter, on January 29, 2025, the Court issued a summons with the names and addresses provided by Plaintiffs. (Doc. 16.) On March 17, 2025, this Court adopted Judge DeSoto's Findings and Recommendation in full and dismissed Plaintiffs' Complaint without prejudice. (Doc. 20.)

## LEGAL STANDARD

A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). The movant bears the burden of proving reconsideration is proper. *See 389 Orange St. Partners v. Arnold*, 179 F.3d

656, 665 (9th Cir. 1999) (noting it was the movant's burden "to establish that the district court committed clear error"). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion." *Case v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

## DISCUSSION

Plaintiffs' arguments parallel largely those previously made in opposition to Judge DeSoto's Findings and Recommendation. (*Compare* Doc. 19 *with* Doc. 22.) As before, Plaintiffs first argue that dismissal under Rule 4(m) is discretionary and must be viewed in light of Supreme Court and Ninth Circuit precedent. (Doc. 22 at 4.) Plaintiffs next argue that they have demonstrated good cause for an extension under Rule 6(b)(1)(A). (*Id.*) Plaintiffs explain they have limited financial ability, the Court did not issue summonses until January 29, 2025, and Defendants' business structures complicates service. (*Id.*) Finally, Plaintiffs argue they are afforded greater deference after *Loper Bright Ent. v. Raimondo*, 603 U.S. 369 (2024), which overturned *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1084). This Court has previously considered and rejected the above arguments, and does so again here for the reasons stated in its March 17, 2025, Order. (*See* Doc. 22.)

Plaintiffs further argue that dismissal without prejudice imposes permanent harm, and that Federal Rule of Civil Procedure 4(m) is unconstitutional as applied to Plaintiffs. (Doc. 22 at 5.) Plaintiffs specifically argue that the Rule "is selectively enforced in ways that discriminate against pro se, disabled, or under-resourced litigants." (*Id.*) The Court is well aware of the unique barriers faced by pro se plaintiffs such as Coyne and Pearson, and as such, Judge DeSoto provided Plaintiffs ample opportunity and time to request the Clerk's Office to issue summonses or to effectuate service upon Defendants. (*See* Docs. 8, 10.) There is no indication that Rule 4(m) is unconstitutional as applied to Plaintiffs, nor is there indication that dismissal without prejudice will impose permanent harm on Plaintiffs.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Reconsideration fails to demonstrate that this Court committed legal error in its March 17, 2025, Order (Doc. 20).

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Reconsideration (Doc. 22) is DENIED. The Clerk of Court shall mail a copy of this Order to Plaintiffs.

DATED this 2nd day of May, 2025.

4

Dana L. Christensen, District Judge
United States District Court